<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL L. JOHNSON, | |
| Plaintiff, | No. 24cv0445 (EP) (LDW) |
| v. | **OPINION** |
| EARL SCOTT, *et al.*, | |
| Defendants. | |

**PADIN, District Judge.**

Plaintiff Daniel L. Johnson, a state prisoner detained in Northern State Prison, New Jersey, submitted a Complaint pursuant to 42 U.S.C. § 1983. D.E. 1. He also seeks permission to proceed *in forma pauperis* ("IFP"). D.E. 1-1.

Pursuant to Local Civil Rule 54.3, the Clerk of the Court shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, the Court may permit an indigent plaintiff to proceed IFP.

The entire fee to be paid in advance of filing a civil complaint is $405. That fee includes a filing fee of $350 plus an administrative fee of $55, for a total of $405. A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. A prisoner who is denied IFP status must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the complaint will be filed.

28 U.S.C. § 1915 establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP. Under § 1915, a prisoner seeking to bring a civil action IFP must submit an affidavit, including a statement of all assets and liabilities, which states that the

prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. *Id.*

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the action if it finds that it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (IFP actions); *see also* 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff's IFP application is incomplete because his account statement does not cover the six-month period immediately preceding the filing of the Complaint. D.E. 1-2. The Complaint was received January 23, 2024. Therefore, the account statement must cover the previous six months, *i.e.*, from July 2023 onward. Plaintiff's account statement begins May 1, 2023 and ends November 20, 2023. *Id.* at 1-6. It is missing the month of December 2023. The Court will direct the Clerk to administratively terminate the Complaint pending receipt of the $350 filing fee and

$55 administrative fee or an IFP application with a certified account statement for December 2023.[1] The Clerk of the Court will be directed to reopen this action once Plaintiff submits the certified account statement or pays the filing fee.

An appropriate Order accompanies this Opinion.

1/26/2024
Date

Evelyn Padin, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a district court retains jurisdiction over, and can re-open, administratively closed cases).